Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| CARLOS RODRÍGUEZ  Recurrido  v.  ARROPE, INC.  Peticionario | TA2026CE00079 | *CERTIORARI* Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan  Caso Núm.: SJ2025CV06097 (1003)  Sobre: Petición de Orden |
|---|---|---|

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de enero de 2026.

Comparece ante nos Arrope Inc., ("Arrope" o "Peticionaria"), mediante *Certiorari* presentado el 20 de enero de 2026. Nos solicita la revocación de la *Resolución* dictada y notificada el 9 de enero de 2026 por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro primario" o "foro *a quo*"). Por virtud del aludido dictamen, el foro primario denegó una solicitud de paralización del descubrimiento de prueba instada por la Peticionaria y, además, le concedió a esta parte hasta el 19 de enero de 2026 para contestar dicho descubrimiento de prueba.

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del auto de *certiorari*.

### I.

El 3 de julio de 2025, el señor Carlos Rodríguez ("señor Rodríguez" o "Recurrido") presentó *Demanda* conta la Peticionaria.[1] En síntesis, el señor Rodríguez sostuvo que, a consecuencia de dos

---
[1] Véase, SUMAC TPI, Entrada Núm. 1.

(2) accidentes cardiovasculares, perdió el control voluntario de gran parte de su cuerpo. Así pues, alegó que la propiedad de Arrope, ubicada en Río Piedras, presenta "barreras arquitectónicas en el establecimiento, que le generan inseguridad y dificultan el acceso en condiciones adecuadas para su situación física".[2] Ante este cuadro, solicitó una serie de remedios, entre estos, un interdicto permanente y el pago de honorarios de abogado.

Por su lado, el 26 de agosto de 2025, Arrope presentó *Moción de Desestimación*, mediante la cual solicitó la desestimación de la "[d]emanda en su totalidad por falta de legitimación activa, falta de madurez y por enmarcarse en un patrón de litigación abusiva".[3] En igual fecha, Arrope presentó *Moción Solicitando Paralización del Descubrimiento de Prueba*.[4] Mediante este escrito, esgrimió que "obligar a la compareciente a incurrir en descubrimiento de prueba, a pesar de lo anterior, podría implicar una injustificada y onerosa inversión de tiempo, esfuerzo y dinero", por lo que solicitó la paralización del descubrimiento de prueba hasta tanto se resuelva la moción de desestimación instada.[5] Tras examinar este último escrito, el 29 de agosto de 2025, el foro primario la declaró *No Ha Lugar*.[6]

Posteriormente, el 2 de septiembre de 2025, el Recurrido presentó *Demanda Enmendada*.[7] Por su parte, el 22 de septiembre de 2025, la Peticionaria radicó *Moción de Desestimación de Demanda Enmendada*.[8] Subsiguientemente, el 31 de octubre de 2025, el señor Rodríguez presentó *Segunda Demanda Enmendada*.[9] En vista de ello, el 15 de diciembre de 2025, la

---

[2] Véase, SUMAC TPI, Entrada Núm. 1.
[3] Véase, SUMAC TPI, Entrada Núm. 7.
[4] Véase, SUMAC TPI, Entrada Núm. 8.
[5] Véase, SUMAC TPI, Entrada Núm. 8.
[6] Véase, SUMAC TPI, Entrada Núm. 11.
[7] Véase, SUMAC TPI, Entrada Núm. 12.
[8] Véase, SUMAC TPI, Entrada Núm. 17.
[9] Véase, SUMAC TPI, Entrada Núm. 21.

Peticionaria radicó *Moción De Desestimación* en la que solicitó la desestimación de la *Segunda Demanda Enmendada.*[10]

Así las cosas, el 29 de diciembre de 2025, Arrope presentó *Moción de Paralización de Descubrimiento de Prueba.*[11] En igual fecha, a saber, el 29 de diciembre de 2025, mediante *Resolución Interlocutoria*, el foro primario declaró *No Ha Lugar* la moción radicada por Arrope.[12] En vista de lo anterior, el 31 de diciembre de 2025, la Peticionaria presentó documento intitulado *Moción de Prórroga.*[13] En lo pertinente, solicitó los siguientes remedios:

1. RECONSIDERE la Resolución de 29 de diciembre de 2025 y la deje sin efecto.
2. ORDENE LA PARALIZACIÓN de todo descubrimiento de prueba (interrogatorios, requerimiento de admisiones, deposiciones, y cualquier otro descubrimiento de prueba) hasta tanto se adjudique con finalidad la Moción de Desestimación de la Segunda Demanda Enmendada.
3. En la alternativa, de denegar lo anterior, conceda una prórroga hasta el 19 de enero de 2026 para poder responder al descubrimiento de prueba.[14]

Así las cosas, el 9 de enero de 2026, el foro primario emitió y notificó *Resolución Interlocutoria* mediante la cual dispuso lo siguiente: "No ha Lugar a la moción de reconsideración. Se le concede a la parte demandada una prórroga hasta el 19 de enero de 2026, para contestar el descubrimiento de prueba".[15]

Aun inconforme, el 20 de enero de 2026, la Peticionaria presentó el recurso de epígrafe y formuló los siguientes señalamientos de error.

Erró el TPI al denegar la paralización del descubrimiento de prueba y/o la orden protectora solicitada por Arrope, aun cuando está sometida para adjudicación una moción dispositiva de umbral (desestimación) y aun cuando el descubrimiento cursado era un nuevo paquete notificado tras múltiples enmiendas de la Demanda.

---

[10] Véase, SUMAC TPI, Entrada Núm. 25.
[11] Véase, SUMAC TPI, Entrada Núm. 27.
[12] Véase, SUMAC TPI, Entrada Núm. 30.
[13] Véase, SUMAC TPI, Entrada Núm. 32.
[14] Véase, SUMAC TPI, Entrada Núm. 32.
[15] Véase, SUMAC TPI, Entrada Núm. 33.

Erró el TPI al denegar la reconsideración sin atender los señalamientos de cambio sustancial en el curso del caso y, simultáneamente, conceder una prórroga para contestar el descubrimiento, lo cual evidencia la falta de un análisis razonado de proporcionalidad, economía procesal y manejo judicial efectivo del pleito.

Acompañó su recurso, junto a una *Moción en Auxilio de Jurisdicción*, la cual fue radicada **el 20 de enero de 2026 a las 11:38 PM.** En dicha moción, solicitó la paralización del descubrimiento de prueba. Examinados los argumentos de la Peticionaria, declaramos ***No Ha Lugar*** la solicitud en auxilio de jurisdicción instada.

Tras examinar el recurso, al amparo de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), prescindimos de los términos, escritos o procedimientos adicionales "con el propósito de lograr su más justo y eficiente despacho".

## II.
### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de:

(1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (5) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. *Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). No obstante, "[a]l denegar

la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Manejo del Caso

El efectivo funcionamiento de nuestro sistema judicial, y la rápida disposición de los asuntos litigiosos, requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales. *BPPR v. SLG Gómez-López*, 213 DPR 314, 333-334 (2023) citando a *In re Collazo I*, 159 DPR 141, 150 (2003). Es por ello, que a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *Íd.*

Cónsono con lo anterior el Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente. *In re Pagani Padró*, 181 DPR 517, 529 (2011). Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del foro primario. Siendo así, el Tribunal Supremo ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). El ejercicio adecuado de la discreción judicial se relaciona de manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III.**

Cuando se recurre de una determinación interlocutoria emitida por el foro primario, esta Curia tiene discreción para expedir el recurso presentado ante su consideración. Conforme a lo anterior, nos corresponde evaluar si la controversia que nos ocupa se encuentra entre las establecidas en la Regla 52.1 de Procedimiento Civil, *supra* o sus excepciones. Además, debemos justipreciar si nos concierne ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.*

Luego de examinar el expediente y los argumentos esgrimidos por la Peticionaria, a la luz de los criterios de la Regla 52.1 de Procedimiento Civil, *supra* y de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este foro deba intervenir. Lo anterior, debido a que la controversia versa en torno al manejo del descubrimiento de la prueba y manejo del caso por parte del foro primario, asunto que no está contemplado en la Regla 52.1 de Procedimiento Civil, *supra,* o sus excepciones.

Nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción, cuando de la actuación del foro *a quo* surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo, o cuando la determinación constituya una grave injusticia.

Además, vale destacar que el recurso presentado se tornó académico, toda vez que la prórroga otorgada por el foro primario venció el **20 de enero de 2026**. Por lo tanto, *denegamos* la expedición del auto de certiorari solicitado por la Peticionaria, así como la solicitud en auxilio de jurisdicción.

## IV.

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari*. A su vez, declaramos *No Ha Lugar* la solicitud de auxilio de jurisdicción. En consecuencia, devolvemos el caso al foro primario para la continuación de los procedimientos.

**Notifíquese Inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones